Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| CÉSAR VÁZQUEZ CLASS<br>Recurrida<br><br>v.<br><br>CONSEJO DE TITULARES Y JUNTA DE DIRECTORES DEL CONDOMINIO CRYSTAL HOUSE<br>Recurrente | KLRA202400426 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.<br>C-SAN-2018-0003651<br><br>Sobre:<br>Ley de Condominios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparece el Consejo de Titulares del Condominio Crystal House (Consejo o recurrente) mediante recurso de *revisión judicial*, solicitando que revoquemos una *Notificación y Orden* emitida por el Departamento de Asuntos del Consumidor (DACo), el 31 de julio de 2024. Mediante dicho dictamen, el DACo declaró *No Ha Lugar* la *Moción sobre Acumulación de Parte Indispensable y Paralización de Procedimientos* presentada por el Consejo.

Por los fundamentos que pasamos a exponer, corresponde *desestimar* el recurso presentado.

**I. Resumen del tracto procesal**

El 22 de mayo de 2018, el señor César Vázquez Class (señor Vázquez Class o recurrido), presentó *Querella* contra el Consejo y la Aseguradora ABC (nombre ficticio por desconocer el verdadero), alegando haber sufrido daños continuos como consecuencia de filtraciones en el área de las piscinas del Condominio. En esencia, este adujo que las referidas filtraciones no habían sido atendidas por el Consejo, impidiendo que pudiera vivir y disfrutar de su apartamento desde noviembre de 2015. De igual forma, aseveró que las filtraciones provocaron que se marcharan unos

NÚMERO IDENTIFICADOR

SEN2024_____

inquilinos que tenía en la propiedad, y se reflejaban en el sistema eléctrico, pues caía agua por las lámparas del apartamento. Añadió a sus alegaciones, el haber perdido mobiliario por la misma causa, más reparar los pocos muebles que le quedaban. A tenor de lo alegado, solicitó ser indemnizado con una suma no menor de $150,000.00, más $5,000.00 por los daños a otros bienes muebles.

El 12 de abril de 2019, el Consejo presentó *Contestación a Querella.* En síntesis, arguyó haber actuado de forma diligente en el proceso de contratación de las obras de reparación y sellado del techo del edificio. Esgrimió que las filtraciones habían sido reparadas, añadiendo que el Condominio no contaba con certificación alguna que indicara que hubiera filtraciones reflejadas por el sistema eléctrico en el apartamento del recurrido. A su vez, alzó como defensa afirmativa, la omisión de incluir en la *Querella* una parte indispensable.

Luego de varios trámites procesales, el 13 de marzo de 2024, el Consejo presentó *Moción Solicitando Desestimación por Falta de Parte Indispensable.* A estos fines arguyó que, en su *Querella* el recurrido había hecho alegaciones específicas en contra de un querellado desconocido, la Aseguradora ABC, como responsable de los daños, por lo que dicha parte resultaba indispensable, pues sin su presencia no podía adjudicarse el caso. A esto añadió, que la ausencia en el litigio de dicha parte obedecía a la falta de diligencia del señor Vázquez Class para identificar el nombre de la compañía aseguradora, y enmendar oportunamente la *Querella* para incluir su nombre. A tenor, razonó que el recurrido estaba impedido de poner en condiciones al DACo de conocer el nombre de la parte indispensable.

En respuesta, el 14 de marzo de 2024, el recurrido presentó *Oposición a Desestimación.* Sostuvo que, luego de 5 años de litigio, el Consejo, ni su Junta de Directores, le habían notificado el nombre de su aseguradora, aunque ahora alegaran su existencia. No obstante, también

esgrimió que la aseguradora no era una parte indispensable *cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando esta persona ausente del litigio.*[1] Sobre el mismo asunto abundó, que el *Código de Seguros de Puerto Rico,* Ley Núm. 77 de 19 de junio de 1957, según enmendado, 26 LPRA sec. 101 *et seq.,* (Código de Seguros), le permitía recobrar los daños contra una aseguradora luego de recaída la sentencia, por lo que nada impedía que se adjudicara la controversia sin la presencia de dicha entidad.

Sopesada la argumentación de las partes, el 17 de mayo de 2024, el DACo notificó *Orden* declarando *No Ha Lugar* la *Moción de Desestimación por Falta de Parte Indispensable,* por lo que ordenó la continuación de los procedimientos.

Sin embargo, el 23 de julio de 2024, el Consejo presentó *Moción sobre Acumulación de Parte Indispensables y Paralización de Procedimientos,* solicitando que se le permitiera incluir en el caso a Chubb Insurance Agency, Inc. Aseveró que esta había sido la aseguradora contratada por el Condominio para cubrir: (1) riesgos en los inmuebles; (2) áreas comunes generales, procomunales y limitadas; (3) así como otros riesgos no relacionados a la propiedad privada de los titulares. En específico, adujo que, la referida póliza cubría los riesgos de la reclamación del caso de epígrafe, por lo que, estando directamente relacionada con la causa de acción, sus derechos e intereses podrían verse afectados por una determinación del DACo, de no ser incluida como parte.

A raíz de ello, el 29 de julio de 2024, el señor Vázquez Class presentó *Oposición a Moción sobre Acumulación de Parte Indispensable y Paralización de Procedimientos.* En lo pertinente, expuso que la controversia sobre presunta ausencia de una parte indispensable había sido atendida, mediante la *Orden* emitida el 17 de mayo de 2024.

---

[1] Anejo IV del recurso de revisión judicial, pág. 30. Citando a J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Puerto Rico, 2000, Publicaciones JTS, Tomo I, Pág. 371.

Es así como, el 31 de julio de 2024, el DACo emitió una *Notificación y Orden* declarando *No Ha Lugar* la *Moción sobre Acumulación de Parte Indispensable y Paralización de Procedimientos,* presentada por el Consejo, y ordenó la continuación de los procedimientos. Es de esta *Resolución* interlocutoria de la cual recurre ante nosotros el Consejo.

En específico, el Consejo señala ante nosotros que el DACo incidió, al cometer el siguiente error:

> Erró el DACO al emitir *Orden* que impide a la parte recurrente el traer el caso a la parte indispensable omitida, CHUBB INSURANCE AGENCY, INC., quien se encuentra directamente relacionada con la causa de acción que motiva la *Querella* y sus derechos e intereses pudieran quedar afectados por una resolución dictada en este foro (DACO) estando ausente del litigio. Dichos intereses afectados son de índole real e inmediatos, al extremo que impiden la preparación de un decreto final adecuado.

El 21 de agosto de 2024, el recurrido presentó *Comparecencia Especial para Solicitar Desestimación por Falta de Jurisdicción.*

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied MGMT. Group, v. Oriental Bank,* 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon v. Jta. Revisora, RA Holdings,* supra, pág. 234; *Shell v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom,* 190

DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que tardío, priva de jurisdicción al tribunal al cual se recurre. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia, debemos así declararlo y proceder a desestimarlo. *Mun. San Sebastián v. QMC Telecom,* supra.

### B. Revisión Judicial de Decisiones Administrativas

El Art. 4.002 de la Ley Núm. 201-2003, Ley de la Judicatura del Estado libre Asociado de Puerto Rico, según enmendada, dispone, en lo pertinente, que el Tribunal de Apelaciones revisará, como cuestión de derecho, **las decisiones finales** de los organismos y agencias administrativas que hayan sido tramitadas conforme con las disposiciones de la Ley de Procedimiento Administrativo Uniforme (LPAU). Art. 4.002 de la Ley Núm. 201-2003, 4 LPRA sec. 24 (u). (Énfasis provisto).

Por su parte, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAUG), define el ámbito de la revisión judicial. Conforme lo dispone la Sección 4.2 de esta Ley, solamente las **órdenes o resoluciones finales** dictadas por las agencias o funcionarios administrativos pueden ser revisadas judicialmente. La sección aludida establece, en lo pertinente, lo siguiente:

> [u]na parte adversamente **afectada por una orden o resolución final de una agencia que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación **de la orden o resolución final** de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. *Íd.* (Énfasis provisto).

Cabe aquí añadir la expresión de nuestro Tribunal Supremo al advertir que la sección de la LPAU citada*, limitó la revisión judicial de decisiones administrativas a aquellas instancias que cumplan con dos requisitos, a saber: (1) que se trate de órdenes o resoluciones finales y (2) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. AAA v. UIA*, 200 DPR 903, 912, (2018). La *orden o resolución final* debe incluir y exponer de forma separada, determinaciones de hechos, si éstas no se han renunciado, conclusiones de derecho que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión, según sea el caso, y la firma del jefe de la agencia o cualquier otro funcionario autorizado por ley. *AAA v. UIA*, 199 DPR 638, 659 (2018).

A su vez, el mismo alto Foro ha manifestado que una *orden o resolución final*, es aquella determinación de la agencia administrativa que **pone fin a los procedimientos en un foro determinado** y tiene un efecto sustancial para las partes. *AAA v. UIA*, supra a la pág. 913. (Énfasis nuestro).

### III. Aplicación del Derecho a los hechos

Según advertimos en la exposición de derecho, los tribunales estamos llamados a auscultar primeramente si contamos con jurisdicción para atender la controversia traída ante nuestra consideración. *Shell v. Srio Hacienda,* supra. Esto pues, de concluir que carecemos de jurisdicción sólo nos correspondería desestimar el recurso instado.

Conforme surge del tracto procesal, el recurrente solicita que revoquemos la *Notificación y Orden* suscrita por el DACo, mediante la cual fue denegada su petición para incluir como parte indispensable a la aseguradora Chubb Insurance Agency, Inc.

Según enfatizamos en la exposición de derecho, la LPAU limitó nuestra facultad de revisión judicial a decisiones que cumplieran con dos requisitos esenciales: (a) que fueran **órdenes o resoluciones finales** de la

agencia, y (b) que la parte adversamente afectada hubiese **agotado todos los remedios provistos por la agencia administrativa.** *AAA v. UIA,* 199 supra pág. 657 (2018). (Énfasis nuestro). Ninguna de estas dos condiciones concurre en el caso ante nuestra consideración, pues carecemos de una *resolución final* emitida por el órgano administrativo que se nos solicita revisar, solo estando ante nuestra consideración una *resolución interlocutoria.* Aunque resulte reiterativo, sépase que, por disposición tanto de la Ley de la Judicatura, supra, como de la LPAU, supra, en el ámbito de la revisión judicial nuestra jurisdicción está limitada a solo atender determinaciones finales de las agencias administrativas, lo que resulta en la exclusión de las resoluciones interlocutorias.

La denegatoria de la solicitud emitida por el DACo para que se incluyera en el proceso administrativo que se sigue en este es una resolución interlocutoria, *ergo*, no revisable. Por ello, corresponde desestimar el recurso de revisión judicial, por falta de jurisdicción.

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se desestima el recurso presentado por el Consejo de Titulares del Condominio Crystal House, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones